# United States District Court
## for the Northern District of Oklahoma

---

Case No. 19-cv-588-JDR-JFJ

---

MODOC NATION *also known as* MODOC TRIBE OF OKLAHOMA; RED CEDAR ENTERPRISES, INC.; EAGLE TG, LLC; BUFFALO MTE, LLC; TALON MTE, LLC; MODOC MTE, LLC; WALGA MTE, LLC,

*Plaintiffs/Counterclaim Defendants*,

*versus*

RUSTY BOHL,

*Defendant, and*

RAJESH SHAH; SHARAD DADBHAWALA; SOFTEK MANAGEMENT SERVICES, LLC; SOFTEK FEDERAL SERVICES, LLC; SOFTEK SOLUTIONS, INC.,

*Defendants/Counterclaimants,*

*versus*

BLAKE FOLLIS; TROY LITTLEAXE; LEGAL ADVOCATES FOR INDIAN COUNTRY LLP,

*Counterclaim Defendants.*

---

## OPINION AND ORDER

---

The Modoc Tribe of Oklahoma and several of its entities brought federal and state law claims against its former business partners, Defendants Rusty Bohl, Rajesh Shah, Sharad Dadbhawala, Softek Management Services,

Case No. 19-cv-588

LLC, Softek Federal Services, LLC, and Softek Solutions LLC.[1] Dkt. 29. In response, Mr. Shah, Mr. Dadbhawala, and the Softek entities brought counterclaims against the Tribe and its entities for breach of a stock purchase agreement. Dkt. 82 at 7-9. Counterclaimants also brought claims against the Tribe's then-Attorney General, Blake Follis. *Id.* at 10-12.

Plaintiffs and Mr. Follis moved to dismiss the counterclaims as barred by the doctrine of sovereign immunity. Dkts. 61 at 14-19; 77 at 16-18. The Tribe argued in the alternative that the claims should be dismissed because they were brought against the Modoc Non-Profit,[2] not the Tribe itself, and that only the Tribe was a party to the original letter of intent and purchase agreement at issue. Dkt. 61 at 16. After the Counterclaimants responded, the Court converted Plaintiffs' and Mr. Follis's motions to dismiss into motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. Dkt. 79.

The Court must now decide: (I) whether the Plaintiffs are entitled to sovereign immunity; and (II) whether Mr. Follis is entitled to sovereign immunity, official immunity, or the litigation privilege. For the reasons discussed herein, the Court answers that neither the Plaintiffs nor Mr. Follis is entitled to immunity. Plaintiffs' motion for summary judgment as to sovereign immunity is DENIED and Mr. Follis's motion for summary judgment based on immunity or litigation privilege is DENIED. Both motions are also DENIED as to the merits of the claims for the parties to conduct discovery.

---

[1] Counterclaimants have also brought claims against Troy LittleAxe and Legal Advocates for Indian Country, LLP. Dkt. 82 at 12-16. Mr. LittleAxe and LAIC moved to dismiss the claims [Dkt. 93], which the Court converted into a motion for summary judgment [Dkt. 94]. Those claims raise issues not addressed here; the Court will issue a separate opinion as to Mr. LittleAxe's and LAIC's motion for summary judgment.

[2] The Tribe is "a federally recognized Indian tribe organized under the Oklahoma Indian Welfare Act of 1936, Title 25 U.S.C. §5203." Dkt. 29 at ¶ 7. The Modoc Non-Profit is a separate and distinct entity that is "incorporated [as] a non-profit corporation under Oklahoma law." *Id.*

Case No. 19-cv-588

## I.

The Court turns first to the question of whether the Modoc Non-Profit or the Tribal Entities are entitled to sovereign immunity. The parties agreed that, pursuant to *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144 (10th Cir. 2012), neither the Modoc Non-Profit nor the other Tribal Entities is entitled to sovereign immunity. Dkts. 86 at 6-7; 97 at 13-14. Because Counterclaimants have confirmed that the claims are brought against the Modoc Non-Profit and the Tribal Entities [Dkt. 78 at 14-15], the Plaintiffs' motion for summary judgment as to sovereign immunity is DENIED.

## II.

When considering Mr. Follis's motion, the Court views the evidence and draws reasonable inferences from the evidence in the light most favorable to Counterclaimants. *See, e.g., Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) (citation omitted). If, when the facts are viewed in this way, there remain no genuine disputes as to any material facts that would permit a rational jury to find in favor of Counterclaimants, then summary judgment must be entered in favor of Mr. Follis. Fed. R. of Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law" and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, the question presented to the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Wicks v. United States*, 304 F. Supp. 3d 1079, 1089 (N.D. Okla. 2018) (quoting *Anderson*, 477 U.S. at 250). Mr. Follis seeks summary judgment based on sovereign immunity, official immunity, and the litigation privilege; he bears the burden of establishing these affirmative defenses. *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997) (citation omitted).

Mr. Follis first claims that, notwithstanding the inapplicability of sovereign immunity to the Tribal Entities, the claims brought against him are

3

barred by that doctrine. Dkt. 77 at 10. Any sovereign immunity that Mr. Follis might be entitled to is derivative of the Tribe's sovereign immunity. *Native Am. Distrib. v. Seneca-Cayuga Tobacco Co.*, 546 F.3d 1288, 1296 (10th Cir. 2008). But immunity only attaches when the tribal official is acting within the scope of his authority and where the suit is "brought against [tribal officials] *because of* their official capacities—that is, because the powers they possess in those capacities enable them to grant the plaintiffs relief on behalf of the tribe." *Id.* In other words, sovereign immunity applies only where the sovereign is the "real, substantial party in interest." *Id.*; *Lewis v. Clarke*, 581 U.S. 155 (2017) (holding that the individual defendant was not entitled to sovereign immunity because the tribal official, not the tribe, was the real party in interest).

Courts have generally held that where the plaintiff "seeks monetary damages from the individual for ... wrongful conduct fairly attributable to the individual, sovereign immunity does not bar the suit so long as the relief is sought not from the sovereign's treasury but from the official personally." *Phillips v. James*, No. CIV-21-256-JFH-GLJ, 2023 WL 1785774, at *4 (E.D. Okla. Jan. 18, 2023) (citing *Native Am. Distrib.*, 546 F.3d at 1297), *report and recommendation adopted*, No. 21-CV-256-JFH-GJL, 2023 WL 1781792 (E.D. Okla. Feb. 6, 2023), *aff'd,* No. 23-70027, 2024 WL 657945 (10th Cir. Feb. 16, 2024). In *Gregory v. United States*, the court held that individual defendants were not entitled to sovereign immunity because the complaint "specifically state[d] that the claims asserted against Defendants ... [were] brought against them in their individual capacity" and the allegations against the individual defendants were factually distinct from the claims brought against the tribe. No. CIV-20-308-JAR, 2022 WL 4624693, at *7 (E.D. Okla. Sept. 30, 2022). Likewise, Counterclaimants have brought claims against Mr. Follis in his personal capacity [Dkt. 82 at ¶ 13] accusing him of wrongful acts that are factually independent of the claims against the Tribe, such as using the resources of one of the Tribal Entities "to benefit his personal, failed fantasy sports operation" [*Id.* at ¶¶ 31-35]. Because Counterclaimants seek to hold Mr. Follis

Case No. 19-cv-588

liable for actions independent from his role as a tribal official and seek relief directly from Mr. Follis, not the Tribe's treasury, Mr. Follis is not entitled to sovereign immunity. His motion for summary judgment as to sovereign immunity is DENIED.

### III.

Independent from his claim for sovereign immunity, Mr. Follis argues that the claims against him are barred by the doctrine of official immunity because he was acting in a quasi-judicial role as the Tribe's attorney general. Dkt. 77 at 18-19. An official acting in a quasi-judicial role is entitled to immunity for discretionary acts performed within the scope of his or her authority. *Powell v. Seay*, 1976 OK 22, ¶ 11, 553 P.2d 161, 163-164. The actions in question must be "closely associated with the judicial process." *Burns v. Reed*, 500 U.S. 478, 495 (1991). "The official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (quotation and citation omitted). Mr. Follis has not done so here.

Although Mr. Follis argues that the acts were performed within the scope of his role as the Tribe's attorney general, the allegations suggest otherwise. Counterclaimants have alleged that Mr. Follis managed a "daily sports operation" which lost money belonging to one of the Tribal Entities and that he demanded the resources of one of the Tribal Entities "to benefit his personal, failed fantasy sports operation." Dkt. 82 at ¶ 32. They also allege that Mr. Follis "interfered with Softek's good faith endeavors to meet its contractual obligations, fabricated a false narrative that Softek had defrauded Modoc and the MTEs, and … directed Plaintiffs to commence this litigation against Softek." *Id.* at ¶ 33.

Mr. Follis does not address all these allegations. Instead, he claims broadly that the "allegations in the Amended Counterclaims … relate to purported actions during an official investigation [he] commenced in July 2019 at the request of the Modoc Nation's Chief," that was "within the scope of

Case No. 19-cv-588

[his] authority" including his authority "to determine if prosecution of legal claims may be warranted." Dkt. 77-1 at ¶ 3. He also claims that the evidence preservation letters sent to Mr. Shah, Mr. Dadbhawala, and Mr. Bohl on July 16, 2019, were within the scope and grant of his authority as attorney general. *Id.* at ¶ 4.

It is not clear that the actions Mr. Follis refers to are the same as those described in the allegations. But even if that were plain, dismissal would not be proper because the allegations cover far more ground than that addressed by Mr. Follis. Furthermore, Mr. Follis has not provided any objective evidence to support his assertion that the conduct he describes was part of the investigation which led to this litigation. Mr. Follis cannot rely on his own self-serving affidavit to support summary judgment. *See, e.g., Viviani v. Coffey Associates, Inc.*, No. CIV-22-00090-PRW, 2023 WL 3444696, at *7 (W.D. Okla. May 12, 2023) (denying summary judgment because plaintiff "relie[d] solely on her own self-serving declaration and deposition testimony" and "provide[d] no other evidence—such as timesheets, coworker depositions or affidavits, etc.—to support" her claims); *see also Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) ("conclusory and self-serving affidavits are not sufficient" to establish that there are no issues of fact at the summary judgment stage). He must provide evidence outlining what role his actions played in an official investigation or what specific actions he took to conduct the investigation. He has not done so here. At this stage of the proceedings, there is not enough evidence to permit a reasonable jury to determine that Mr. Follis is entitled to official immunity. Thus, Mr. Follis's motion for summary judgment as to official immunity is DENIED.

## IV.

Mr. Follis also argues that the claims against him are barred by the doctrine of litigation privilege. Dkt. 77 at 19-20. Counterclaimants respond that the litigation privilege is not applicable here because the counterclaims are based on Mr. Follis's actions, not just communications allegedly made in

preparation for litigation. Dkt. 100 at 15-16. The Court agrees that the litiga-
tion privilege is not applicable here because Mr. Follis is accused of (1) actions
and (2) statements which precede or go beyond the scope of an official inves-
tigation.

Oklahoma recognizes a litigation privilege "under which attorneys,
parties, jurors, and witnesses are immune from defamation liability for state-
ments made in the course of judicial or quasi-judicial proceedings, so long as
the statements are relevant to the proceedings." *Cardtoons, L.C. v. Major
League Baseball Players Ass'n*, 335 F.3d 1161, 1166 (10th Cir. 2003). The priv-
ilege also extends to statements made in anticipation of litigation. *Id.* But the
privilege is limited to "comments or writings" and does not apply to conduct.
*Stricklen v. O.I.P.M., L.L.C.*, 2017 OK CIV APP 3, ¶ 6, 394 P.3d 290, 292
(quoting *Samson Inv. Co. v. Chevaillier*, 1999 OK 19, ¶ 5, 988 P.2d 327). The
litigation privilege is generally applied as a bar to defamation claims. *See, e.g.,
Samson Inv. Co.*, 1999 OK 19, 988 P.2d 327.

The facts do not support the application of the litigation privilege in
this case. First, Counterclaimants accuse Mr. Follis of wrongdoing which
goes beyond just comments or writings. Mr. Follis is accused of managing a
daily fantasy sports operation that caused financial losses to a Tribal Entity,
retaliation, and interference with Counterclaimants' contractual obligations.
Dkt. 82 at ¶¶ 31-35; *see, e.g., Berman v. Lab. Corp. of Am.*, 2011 OK 106, ¶ 15,
268 P.3d 68, 71 (holding that the litigation privilege did not apply because the
negligence claim arose out of the defendant's "conduct in the performance
of its duties," not out of its communication). Second, while some of Mr. Fol-
lis's statements may have been made in anticipation of litigation, there is a
genuine issue of fact as to what statements Mr. Follis has made and whether
they were during or within the scope of the investigation. *See supra* Section
III; *see also GWACS Armory, LLC v. KE Arms, LLC*, No. 20-CV-0341-CVE-
SH, No. 21-CV-0107-CVE-SH, 2023 WL 2189485, at *14 (N.D. Okla. Feb.
23, 2023) (holding that there was not sufficient evidence that statements were

Case No. 19-cv-588

made in good faith as to "conclusively resolve the issue of litigation privilege" at the summary judgment stage). And third, the litigation privilege does not apply to the types of claims brought against Mr. Follis.[3] Mr. Follis's motion for summary judgment on grounds of litigation privilege is DENIED.

## V.

When the Court converted both Plaintiffs' and Mr. Follis's motions to dismiss into motions for summary judgment [Dkt. 79], the Plaintiffs requested leave to conduct discovery pursuant to Federal Rule of Civil Procedure 56(d). Dkt. 86 at 1 n.1. Counterclaimants also asked for additional time and submitted a declaration in support of the request. Dkts. 97 at 26-27; 98.

A court may defer or deny a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition …." Fed. R. Civ. Pro. 56(d). The declaration "must specify '(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment.'" *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015) (quoting *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010)). "[S]ummary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986).

Counterclaimants argue that they require additional time to seek discovery of: (a) "internal communications within Modoc, RCE, and the

---

[3] Mr. Follis cites *Hartley v. Williamson*, 2001 OK CIV APP 6, 18 P.3d 355, arguing that litigation privilege extends to all negligence, deceit, and conspiracy claims. Dkt. 113 at 8-9. But the holding in *Hartley* is not as broad as Mr. Follis suggests. In *Hartley*, the Oklahoma Supreme Court held that the litigation privilege extended to plaintiff's negligence, intentional infliction of emotional distress, deceit, and conspiracy claims because they arose out of the same circumstances as the defamation claim to which the privilege applied. 2001 OK CIV APP at ¶ 15, 18 P.3d at 358 (citing *Kirschstein v. Haynes*, 1990 OK 8, 788 P.2d 941).

Case No. 19-cv-588

MTEs," (b) "financial information from Modoc, RCE, and the MTEs," (c) information concerning "the organizational structure of each Modoc, RCE, and the MTEs," and (d) "nonprivileged communications between Follis, Modoc, RCE, and the MTEs." Dkt. 98 at ¶¶ 4-19. Counterclaimants maintain that these materials will lead to information regarding the existence of and subsequent breach of an agreement, Plaintiffs' control over Counterclaimants' property, Plaintiffs' intent to withhold profits owed to Counterclaimants, Plaintiffs' knowledge of Mr. Follis's business practices, and Mr. Follis's role in terminating the relationship between Plaintiffs and Counterclaimants. *Id.*

Counterclaimants have met their burden of showing that they lack information essential to Plaintiffs' and Mr. Follis's motions. Although this case was filed in 2019, "this case is in its infancy." Dkt. 98 at ¶ 22. A scheduling order has never been entered in this case. Dkt. 85. Counterclaimants are not asking to conduct ***additional*** discovery but are instead asking to conduct ***initial*** discovery. Further, the information Counterclaimants are requesting appears to be in the control and possession of the Plaintiffs and Mr. Follis. Now that the issue of sovereign immunity has been resolved, it is reasonable to allow the parties time to conduct discovery before resolving dispositive motions on other, unrelated grounds. *See, e.g., Asvalo Real Estate, LLC v. Stack Real Estate, LLC*, No. 2:23-CV-00728-JNP, 2024 WL 3553306, at *7 (D. Utah July 26, 2024) (denying defendant's motion for summary judgment because the information necessary for plaintiff to oppose the motion was within the defendant's exclusive possession and the parties had not conducted any discovery). Accordingly, the Court DENIES Plaintiffs' and Mr. Follis's motions for summary judgment as to the merits of the claims.

## VI.

For the reasons discussed herein, the Modoc Non-Profit, Tribal Entities, and Mr. Follis are not entitled to sovereign immunity. Mr. Follis is likewise not entitled to official immunity or the litigation privilege. Accordingly,

Case No. 19-cv-588

Plaintiffs' and Mr. Follis's motions for summary judgment [Dkts. 61; 77] are DENIED. Because these motions were converted to summary judgment early in the case, the parties will be given leave to file additional dispositive motions as outlined in a future scheduling order.

DATED this 30th day of October 2024.

JOHN D. RUSSELL
*United States District Judge*