# United States District Court

## for the Northern District of Oklahoma

---

Case No. 19-cv-588-JDR-JFJ

---

MODOC NATION *also known as* MODOC TRIBE OF OKLAHOMA; RED CEDAR ENTERPRISES, INC.; EAGLE TG, LLC; BUFFALO MTE, LLC; TALON MTE, LLC; MODOC MTE, LLC; WALGA MTE, LLC,

*Plaintiffs/Counterclaim Defendants*,

*versus*

RUSTY BOHL,

*Defendant, and*

RAJESH SHAH; SHARAD DADBHAWALA; SOFTEK MANAGEMENT SERVICES, LLC; SOFTEK FEDERAL SERVICES, LLC; SOFTEK SOLUTIONS, INC.,

*Defendants/Counterclaimants,*

*versus*

BLAKE FOLLIS; TROY LITTLEAXE; LEGAL ADVOCATES FOR INDIAN COUNTRY LLP,

*Counterclaim Defendants.*

---

## OPINION AND ORDER

---

The Modoc Tribe of Oklahoma and several of its entities sued their former business partners, Defendants Rusty Bohl, Rajesh Shah, Sharad Dadbhawala, Softek Management Services, LLC, Softek Federal Services, LLC, and Softek Solutions LLC. Dkt. 29. In response, Mr. Shah, Mr. Dadbhawala, and the Softek Entities brought counterclaims against the Tribe

Case No. 19-cv-588

and its entities. Dkt. 82 at 7-9. Counterclaimants also asserted claims against Troy LittleAxe and Legal Advocates for Indian Country LLP. Dkt. 82 at 12-16.

Mr. LittleAxe and LAIC moved to dismiss the counterclaims. Dkt. 93. The Court converted the motion to a motion for summary judgment under Federal Rule of Civil Procedure 56 and granted Mr. LittleAxe and LAIC leave to present additional evidence, authority, and arguments pertinent to the converted motion [Dkt. 94], but Mr. LittleAxe and LAIC did not do so. Counterclaimants subsequently responded to the motion [Dkt. 116] and Mr. LittleAxe and LAIC replied [Dkt. 129]. The issues have been fully briefed and are ripe for review. For the reasons discussed herein, Mr. LittleAxe's and LAIC's motion for summary judgment is GRANTED IN PART and DENIED IN PART.

I.

In August of 2010, Blake Follis, on behalf of the Modoc Tribe of Oklahoma, Judy Cobb, on behalf of Red Cedar Enterprises, Inc., and Mr. Shah, on behalf of Softek Solutions, Inc., executed a letter of intent to agree "to formalize a relationship between the parties" so that "a Consortium headed by Softek Solutions, Inc." would manage, share in the profit of, and receive ownership in Red Cedar, as well as any other entities created to operate under the Small Business Administration's section 8(a) program. Dkt. 116 at 10. The next month, Mr. LittleAxe, acting as the Tribe's general counsel, entered into an oral agreement with Mr. Shah, acting on behalf of Softek, to make the profit-sharing model outlined in the LOI effective until the transfer of ownership could be finalized. Dkt. 99 at ¶ 5.

To change the structure of Red Cedar, Mr. LittleAxe drafted a stock purchase agreement, which was executed by Mr. Shah, on behalf of Softek Federal Solutions LLC, in December of 2010. Dkt. 99 at ¶ 8. Because of the contemplated change in ownership structure, the agreement required approval of the SBA. Dkt. 86-1 at ¶ 7. But Mr. LittleAxe advised Mr. Shah that,

because the Tribe and SBA were not on good terms, changing the ownership structure could disqualify the entities from participation in SBA's section 8(a) program. Dkt. 99 at ¶¶ 11-12. Due to this concern, the agreement was never submitted for review and, thus, was never approved. Dkt. 86-1 at ¶ 9. Mr. LittleAxe advised Mr. Shah that the parties should continue to operate under the oral agreement without formally changing the ownership structure. Dkt. 99 at ¶¶ 12-13.

Mr. LittleAxe and LAIC formalized their representation of Counterclaimants in August of 2011. Dkts. 99 at ¶ 13; 117-6 at 2-3. From that point forward, Mr. LittleAxe and LAIC represented both the Tribe and Counterclaimants in all business dealings between the Tribe and Softek. Dkts. 99 at ¶ 21. Counterclaimants have paid over $192,000 in legal fees, and Mr. LittleAxe and LAIC have never formally terminated the representation. Dkts. 99 at ¶ 24; 117-8. During the seven years he represented Counterclaimants, Mr. LittleAxe never advised Counterclaimants of any potential conflicts of interest that could arise because of his representation of both parties. Dkt. 99 at ¶ 25.

Counterclaimants argue that by failing to disclose the conflict of interest in representing both the Tribe and Counterclaimants, by advising Mr. Shah to not put any agreements with the Tribe in writing, and by submitting a declaration in support of the Tribe's position in this case, Mr. LittleAxe and LAIC have breached their fiduciary duty, committed legal malpractice, unjustly enriched themselves, intentionally interfered with the contractual relationship, and tortiously interfered with Counterclaimants' prospective economic advantage. Dkt. 82 at 12-16.[1]

## II.

When considering Mr. LittleAxe's and LAIC's motion, the Court views the evidence and draws all reasonable inferences from the evidence in the light most favorable to Counterclaimants. *See, e.g., Schaffer v. Salt Lake*

---

[1] Counterclaimants dismissed their civil conspiracy claim. Dkt. 116 at 6 n.3.

Case No. 19-cv-588

*City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) (citation omitted). If, when the facts are viewed in this way, there remain no genuine disputes as to any material facts that would permit a rational jury to find in favor of Counter-claimants, then summary judgment must be entered in favor of Mr. LittleAxe and LAIC. Fed. R. of Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law" and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, the question presented to the Court is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Wicks v. United States*, 304 F. Supp. 3d 1079, 1089 (N.D. Okla. 2018) (quoting *Anderson*, 477 U.S. at 250).

A.

With that standard in mind, the Court first considers Counterclaim-ants' breach of fiduciary duty claim. Counterclaimants argue that Mr. Little-Axe owed Counterclaimants an ongoing duty of loyalty and "a duty to provide sound legal advice" but breached this duty when he failed to disclose the ad-verse situations that could arise from his relationship with both Counter-claimants and the Tribe. Dkts. 82 at 12. To recover on this claim, Counter-claimants must prove (1) the existence of a fiduciary relationship; (2) a breach of a fiduciary duty; and (3) the breach of a fiduciary duty was the direct cause of Counterclaimants' damages. *See, e.g., Graves v. Johnson*, 2015 OK CIV APP 81, ¶ 15, 359 P.3d 1151, 1155.

Mr. LittleAxe and LAIC concede that they had a fiduciary relation-ship[2] with Counterclaimants but argue that the allegations amount to a viola-tion of the Oklahoma Rules of Professional conduct for which there is no

---

[2] Mr. LittleAxe and LAIC have also provided no evidence to dispute Counterclaim-ants' assertion that they were damaged. The Court likewise focuses its analysis on the breach element in ruling on the motion.

4

Case No. 19-cv-588

cause of action. Dkts. 93 at 6; 129 at 8-11. But Oklahoma courts recognize an independent cause of action for an attorney's breach of a fiduciary duty. *See, e.g., Graves*, 2015 OK CIV APP at ¶ 19, 359 P.3d at 1155 ("It is readily evident that an attorney's fiduciary duties, those relating to client's trust and confidence, are independent from an attorney's duty of care regarding the professional services rendered."). Fiduciary duties focus on "'client loyalty and confidentiality'" rather than the "'contractual obligations or the duty of due care.'" *Id.* at ¶ 20 (quoting *Costa v. Allen*, 274 S.W.3d 461 (Mo. 2008)). Counterclaimants have provided sufficient evidence upon which a reasonable jury could conclude that Mr. LittleAxe breached his duty of loyalty. Specifically, Mr. LittleAxe allegedly failed to advise Counterclaimants that he was acting in the best interest of the Tribe and that Counterclaimants relied on Mr. LittleAxe's assurance that both parties were operating under an oral agreement. Dkt. 99 at ¶¶ 5-6. This evidence, if accepted by the jury, could establish that Mr. LittleAxe betrayed Counterclaimants' trust that he would act in Softek's best interest. *See, e.g., Ne. Okla. Cmty. Dev. Corp. v. Adams*, 1973 OK 58, ¶ 18, 510 P.2d 939, 942 (describing an attorney's duty to avoid conflict of interest as an obligation of fidelity); *see also Renegar v. Bruning*, 1942 OK 99, 123 P.2d 686 (holding that a lawyer breached his fiduciary duty by self-dealing in a real estate transaction which was also the subject of his legal representation). Mr. LittleAxe's and LAIC's motion for summary judgment as to Counterclaimants' breach of fiduciary duty claim is DENIED.

## B.

Mr. LittleAxe and LAIC also argue that the professional negligence claim is incorrectly brought as a violation of the Oklahoma Rules of Professional conduct [Dkt. 129 at 5-8], but Oklahoma courts also recognize an independent cause of action for legal malpractice. *Funnell v. Jones*, 1985 OK 73, ¶ 6, 737 P.2d 105, 107. Unlike a breach of fiduciary duty claim, a legal malpractice claim requires a showing of an attorney-client relationship. *Newsome v. Gallacher*, 722 F.3d 1257, 1279 (10th Cir. 2013) (citing *RFT Mgmt. Co., L.L.C. v. Tinsley & Adams L.L.P.*, 399 S.C. 322, 732 S.E.2d 166, 173 (2012)). Both

Case No. 19-cv-588

parties agree that there was an attorney-client relationship between Mr. Lit-tleAxe, acting as an agent of LAIC and Counterclaimants beginning in late 2011 or early 2012 and that the relationship lasted at least through 2019. Counterclaimants have provided evidence that, during the course of the rep-resentation, Mr. LittleAxe never advised them of an ongoing conflict of inter-est based on his representation of both Counterclaimants and the Tribe and that Mr. LittleAxe continually counseled Counterclaimants not to have agree-ments with the Tribe in writing. Dkt. 99 at ¶ 13. A reasonable jury could de-termine that Mr. LittleAxe negligently performed his duties once the attor-ney-client relationship was established based on the evidence. *See, e.g., Baker & McKenzie, LLP v. Evans*, 123 So.3d 387, 404 (Miss. 2013) (affirming a jury verdict as to liability for legal malpractice where the law firm and lawyer "in-terjected themselves into [plaintiff's] businesses from 2001 to 2007" and ad-vised him to engage in various business dealings where the lawyer repre-sented both sides). Mr. LittleAxe's and LAIC's motion for summary judg-ment as to the legal malpractice claim is DENIED.

C.

Counterclaimants also assert that Mr. LittleAxe and LAIC were un-justly enriched because they accepted payment for legal services that were not provided and/or were provided in bad faith. Dkt. 82 at 14-15. Mr. Little-Axe and LAIC argue only that the unjust enrichment claim is contingent upon a finding that they either breached their fiduciary duties or acted negligently, which they argue cannot be established. Dkt. 93 at 9 (citing *Teel v. Pub. Serv. Co. of Okla.*, 1985 OK 112, ¶ 23, 767 P.2d 391, 398). Because the Court has rejected this position and found there is a genuine dispute as to material facts regarding whether Mr. LittleAxe and LAIC breached their fiduciary duties or acted negligently,[3] the motion for summary judgment as to the unjust enrich-ment claim is DENIED.

---

[3] *Supra* at Sections II.A. and II.B.

6

Case No. 19-cv-588

### D.

As to the last two claims, intentional interference with a contractual relationship and tortious interference with a prospective economic advantage, Counterclaimants assert that Mr. LittleAxe and LAIC have (1) chosen the interests of their other client, the Tribe, over the interests of Counterclaimants by filing a declaration in this case in support of the Tribe's position that there was no oral agreement and that the Tribe is entitled to sovereign immunity and (2) counseled the Tribe to renege on its contractual obligations to Counterclaimants. Dkt. 82 at ¶¶ 64-66. Mr. LittleAxe and LAIC counter that the declaration did not interfere with an alleged contractual relationship or prospective economic advantage because there was no contractual relationship or expectation of profit after the Tribe "terminated Softek in July 2019 and [the Tribe] sued Softek in November 2019." Dkt. 93 at 10.

Under Oklahoma law, there is a general rule that "an agent of a principal cannot be held liable for interfering with a contract[4] between the principal and a third party." *Boothe v. Am. Fid. Assurance Co.*, No. CIV-22-00372-PRW, 2022 WL 2717641, at *3 (W.D. Okla. July 13, 2022) (quotations and citations omitted).[5] There is an exception to this rule when "an employee acts in bad faith and contrary to the interests of the employer in tampering with a third party's contract with the employer." *Martin v. Johnson*, 1998 OK 127, ¶ 32, 975 P.2d 889, 896. This exception requires the plaintiff to "show that the agent was acting contrary to the business interest of his employer and in furtherance of the agent's own, personal interests." *Grillot v. Okla. ex. rel. Univ.*

---

[4] "Although this rule does refer to 'a contract,' federal courts have applied it to both tortious interference with an existing contract and tortious interference with a prospective economic benefit." *Boothe*, 2022 WL 2717641, at *3, n.18 (collecting cases).

[5] The parties agree that Mr. LittleAxe was acting in his capacity as general counsel for the Tribe when he played an "active role in creating" the relationship between the Tribe and Softek in 2010, whether it was contractual or not. Dkts. 82 at ¶ 64; 116 at 10-11. He did not take on an official role as counsel to Softek until late 2011.

Case No. 19-cv-588

*of Okla. Bd. of Regents*, No. CIV-19-0241-F, 2019 WL 3558183, at *4 (W.D. Okla. Aug. 5, 2019) (collecting cases).

Here, Counterclaimants have not provided evidence upon which a reasonable jury could find that Mr. LittleAxe was acting in furtherance of his own interests and that those interests were contrary to the business interests of the Tribe. *See, e.g., Graham v. Cargill, Inc.*, No. CIV-10-0977-HE, 2011 WL 5429316, at *4 (W.D. Okla. Nov. 9, 2011) (granting summary judgment where the plaintiff "produced no evidence to suggest [the defendant] was acting in furtherance of his own interests or advancing some agenda or interest separate from that of his employer"). The very essence of the claims is that Mr. LittleAxe chose the interests of the Tribe over the interests of Softek. Accordingly, Mr. LittleAxe's and LAIC's motion for summary judgment as to the intentional interference with a contractual relationship claim and intentional interference with a prospective business advantage claim is GRANTED.

## III.

For the reasons discussed above, Mr. LittleAxe's and LAIC's motion for summary judgment [Dkt. 93] is GRANTED IN PART and DENIED IN PART. It is GRANTED as to the intentional interference with a contractual relationship claim and intentional interference with a prospective business advantage claim. It is DENIED with respect to the breach of fiduciary duty and legal malpractice claims.

DATED this 30th day of October 2024.

JOHN D. RUSSELL
*United States District Judge*