# United States District Court
## for the Northern District of Oklahoma

Case No. 19-cv-588-JDR-JFJ

Modoc Nation *also known as* Modoc Tribe of Oklahoma; Red Cedar Enterprises, Inc.; Eagle TG, LLC; Buffalo MTE, LLC; Talon MTE, LLC; Modoc MTE, LLC; Walga MTE, LLC,

*Plaintiffs/Counterclaim Defendants,*

versus

Rusty Bohl,

*Defendant, and*

Rajesh Shah; Sharad Dadbhawala; Softek Management Services, LLC; Softek Federal Services, LLC; Softek Solutions, Inc.,

*Defendants/Counterclaimants,*

versus

Blake Follis; Troy LittleAxe; Legal Advocates for Indian Country LLP,

*Counterclaim Defendants.*

### OPINION AND ORDER

On October 30, 2024, this Court entered three orders ruling on the parties' motion to dismiss and motions for summary judgment. Dkts. 136, 137, 138. Plaintiffs now ask the Court to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b) and stay the case pending resolution of any interlocutory appeals. Dkt. 141 at 24-27. Alternatively, Plaintiffs ask the Court

No. 19-cv-588

to reconsider its prior order and amend or decline to exercise supplemental jurisdiction over the state-law claims. *Id.* at 27-30.[1] Counterclaim Defendants Troy LittleAxe and Legal Advocates for Indian Country, LP also ask the Court to decline jurisdiction over the state-law claims. Dkt. 156 at 4-6. Alternatively, Mr. LittleAxe and LAIC ask the Court to stay proceedings pending resolution of any interlocutory appeals. *Id.* at 6-8. Mr. Shah, Mr. Dadbhawala, and Softek[2] object to the motions. Plaintiffs' motion to enter a final judgment and stay pending their appeal is denied. Mr. LittleAxe and LAIC's motion is denied as to the request to dismiss the state law claims, but is granted as to the requested stay pending resolution of Mr. Follis's interlocutory appeal.

I

The complex facts of this case are recited in the Court's previous orders. Dkts. 136, 137, 138. In those orders, the Court (1) dismissed Plaintiffs' claims brought under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(b), (c), & (d) [Dkt. 136]; (2) held that Plaintiffs are not entitled to sovereign immunity and that Counterclaim Defendant Blake Follis is not entitled to sovereign immunity, official immunity, or litigation privilege [Dkt. 137]; and (3) denied Counterclaim Defendants Troy LittleAxe and Legal Advocates for Indian Country LLP's motion for summary judgment as to breach of fiduciary duty and legal malpractice claims [Dkt. 138]. Mr. Follis filed an interlocutory appeal challenging the Court's ruling that he is not entitled to sovereign immunity. Dkt. 142. Despite Mr. Follis's appeal, the Court has jurisdiction to resolve the pending motions because they address "collateral matters not involved in the appeal." *Garcia v. Burlington N. R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987).

---

[1] A day after Plaintiffs' filed the motion, Counterclaim Defendant Blake Follis filed a notice of appeal to the Tenth Circuit Court of Appeals.

[2] The Court will refer to Mr. Shah, Mr. Dadbhawala, and the three Softek entities, Softek Management Services, LLC, Softek Federal Services, LLC, and Softek Solutions, Inc., collectively as "Softek."

No. 19-cv-588

II

The Court begins with Plaintiffs' motion. Plaintiffs ask the Court for three distinct forms of relief: First, Plaintiffs ask the Court to enter final judgment pursuant to Rule 54(b) on its dismissal of the RICO claims against Mr. Shah, Mr. Dadbhawala, Softek, and Mr. Bohl and to stay litigation pending an interlocutory appeal. Dkt. 141 at 24-27. Second, Plaintiffs ask the Court to reconsider its order dismissing the RICO claims pursuant to Rule 59(e) and alter or amend the order. *Id* at 27. Third, Plaintiffs ask the Court to decline to exercise supplemental jurisdiction and dismiss the remaining state-law claims. *Id.* at 28-30. Because it would make little sense to enter final judgment on an order that the Court would reconsider, the Court begins with the motion for reconsideration.

A

Plaintiffs ask the Court to reconsider judgment dismissing the RICO claims pursuant to Rule 59(e) because the order "was entered without the opportunity for the Plaintiffs to provide their analysis and brief" of *Johnson v. Heath*, 56 F.4th 851 (10th Cir. 2022), and "the Court erred in its application of *Johnson*." Dkt. 141 at 27. Plaintiffs assert that reconsideration is necessary "'to correct clear error or prevent manifest injustice.'" *Id.* (quoting *Servants of Paraclete v. Doe*, 204 F.3d 1005, 1012 (10th Cir. 2000)). The Court disagrees.

Under Rule 59(e), a party may ask for reconsideration if the court's judgment "misapprehended the facts, a party's position, or the controlling law." *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks and citation omitted). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012 (citation omitted). "A Rule 59(e) motion to reconsider is designed to permit relief in *extraordinary* circumstances and not to offer a second bite at

3

No. 19-cv-588

the proverbial apple." *Syntroleum Corp. v. Fletcher Int'l Ltd.*, No. 08-cv-384-JHP-FHM, 2009 WL 761322, at *1 (N.D. Okla. Mar. 19, 2009) (emphasis added) (internal quotation marks and citation omitted).

Plaintiffs argue that the Court erred by relying on *Johnson*, "a case the parties did not address because [it was] decided two and a half years after close of the parties' briefing." Dkt. 141 at 7. The Court found that *Johnson* precluded a finding of open-ended or closed-ended continuity as required to allege a RICO violation. Dkt. 136 at 7-10. Plaintiffs assert that the court erroneously crafted this argument *sua sponte*. Dkt. 141 at 8-9. But Defendants clearly raised continuity arguments throughout their briefing. Dkt. 75 at 37-39; Dkt. 89 at 6 n.3; Dkt. 131 at 7. And "[w]hen an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." *United States v. Perez*, 127 F.4th 146, 166 (10th Cir. 2025) (quoting *Kamen v. Kemper Fin. Servs.*, 500 U.S. 90, 99 (1991)). The Court does not join Plaintiffs in their belief that it must ignore intervening binding opinions when ruling on a pending motion. As with any order, the Court has an obligation to review Tenth Circuit and Supreme Court case law and apply the relevant legal principles, regardless of when the case was decided. The Court was required to apply the holding in *Johnson* to this case.

Plaintiffs also argue that the Court misapplied *Johnson* to the facts of this case. The RICO statute prohibits conduct that constitutes a "pattern" of racketeering activity of unlawful debt collection. *See George v. Urban Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016); *Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006). In *Johnson*, the Tenth Circuit held that a RICO pattern requires multiple "racketeering predicates" that "relate to each other and amount to a threat of continued racketeering activity." 56 F.4th at 858 (citing *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989)). It further held that "[n]o pattern exists without this 'continuity plus relationship.'" *Id.* at 859

4

No. 19-cv-588

(quoting *H.J. Inc.*, 492 U.S. at 239). While Plaintiffs sufficiently alleged that the predicate acts are related to one another, they failed to sufficiently allege that the predicate acts have sufficient "continuity" to constitute a RICO pattern. Dkt. 136 at 7-10. After considering Plaintiffs' motion and reviewing the *Johnson* case, the Court declines to modify its prior order. Plaintiffs' motion to reconsider is denied.

B

Turning next to Plaintiff's request to enter final judgment, the Federal Rules of Civil Procedure permit a court to enter a judgment as to some claims even though other claims remain pending. Rule 54(b) provides:

> When an action presents more than one claim for relief … or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

But "trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships." *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (quoting *Gas-A-Car, Inc., v. Am. Petrofina, Inc.*, 484 F.2d 1102, 1105 (10th Cir. 1973)). A district court should only certify a judgment under Rule 54(b) where "'the claims resolved are distinct and separable from the claims left unresolved.'" *Niemi v. Lasshofer*, 770 F.3d 1331, 1341-42 (10th Cir. 2014) (quoting *Okla. Tpk. Auth.*, 259 F.3d at 1243)). To certify a judgment under Rule 54(b), the Court must find that (1) the judgment is final; and (2) there is no just reason for delay of entry of its judgment. *See, e.g., Heckathorn v. Farmers Ins. Exch.*, No. 24-cv-

No. 19-cv-588

0174-CVE-MTS, 2025 WL 41069, at *1 (N.D. Okla. Jan. 7, 2025) (quoting *Stockman's Water Co. v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005)).

The first element is not satisfied. A final judgment is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). "[A] 'claim' is generally understood to include all factually or legally connected elements of a case." *Okla. Tpk. Auth.*, 259 F.3d at 1242 (collecting cases). Accordingly, "a judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved." *Id.* at 1243.

Plaintiffs argue that the dismissed RICO claims "are distinct and separable from Plaintiffs' remaining common law claims for fraud, deceit, breach of contract, breach of fiduciary duty and accounting." Dkt. 141 at 25. They claim that the elements that Plaintiffs would be required to prove for their RICO claims, which were asserted against Mr. Bohl, Mr. Shah, and Mr. Dadbhawala only, are different from the elements "required to be proved on Plaintiffs' common law claims against all defendants." Dkt. 141 at 25. But Plaintiffs overlook the fact that both the RICO claims and the state-law claims arise from identical facts. This factual overlap indicates that the claims are not separate and distinct. *See, e.g., Okla. Tpk. Auth.*, 259 F.3d at 1243 ("[T]he facts giving rise to [Plaintiff's] four claims are so overlapping that the certification under Rule 54(b) of an order disposing of only two of the claims was error."); *see also Breen v. Pruter*, No. 14-cv-081-F, 2015 WL 12859420, at *3 (D. Wyo. Apr. 20, 2015) ("Plaintiff's CLRA claim is composed of the same facts as her remaining claims, as such the Court finds Plaintiff's claims are not separate and distinct."). Thus, the dismissed RICO claims are inseparably intertwined with the remaining common law claims, and the Court's order does not constitute a final judgment.

The second element is also not satisfied. "The purpose of Rule 54(b) 'is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available.'" *Okla. Tpk. Auth.*, 259 F.3d at 1241 (citation omitted). The Court must act as a "dispatcher" under Rule 54(b) by "tak[ing] into account judicial administrative interests as well as the equities involved" to "preserve[] the historic federal policy against piecemeal appeals." *Curtiss-Wright Corp.*, 446 U.S. 1, 8 (1980) (quoting *Sears, Roebuck & Co.*, 351 U.S. at 435, 438).

Plaintiffs argue that they "are likely to prevail on their appeal, and resolution of that appeal will result in the judicial economy of resolving all claims at one trial." Dkt. 141 at 26. But Plaintiffs do not identify any hardships they would face if the Court denied their request. Allowing Plaintiffs to take a piecemeal approach to their appeals would not "expedite[] the ultimate termination of [this] action," but would instead require the Tenth Circuit to "repeatedly familiarize [itself] with the facts of [their] case." *Okla. Tpk. Auth.*, 259 F.3d at 1241. Because of the Tenth Circuit's preference for "one appeal in a single action," *id.*, and because requiring Plaintiffs to wait for a final judgment on all claims creates no undue hardship in this case, there is reason to delay appellate review until adjudication of all claims is final. Plaintiffs' motion for entry of final judgment and request for stay pending a subsequent appeal is denied.

C

Plaintiffs alternatively ask the Court to dismiss the remainder of Plaintiffs' claims without prejudice pursuant to Rules 12(b)(1) and 12(h)(3). Dkt. 141 at 28-30. Plaintiffs note that "dismissal of the RICO claims deprives the Court of original subject matter jurisdiction under 18 U.S.C. § 1964(c)" and argue that "[t]he Court lacks complete diversity of citizenship jurisdiction under 18 U.S.C. § 1332(a)(1) ...." *Id.* at 28. Subsequently, Plaintiffs ask the Court to "decline exercising supplemental jurisdiction under 28 U.S.C. §

No. 19-cv-588

1367(c)(3) over the common law claims ….." *Id.* In response, Softek argues that the Court should retain the claims based on diversity jurisdiction or supplemental jurisdiction. Dkt. 153 at 20-24. Regardless of whether diversity jurisdiction exists, the Court exercises its discretion to retain supplemental jurisdiction over Plaintiffs' state-law claims.

"Ordinarily, a federal court should decline to exercise supplemental jurisdiction over state-law claims if all federal claims asserted in the same action 'disappear early in the litigation.'" *Lemmons v. Grove-Miller*, No. 23-cv-0019-CVE-CDL, 2024 WL 4138622, at *7 (N.D. Okla. Sept. 10, 2024) (quoting *Birdwell v. Glanz*, 790 F. App'x 962, 964 (10th Cir. 2020)). But the district court has discretion to retain supplemental jurisdiction over the state-law claims based on considerations of "the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness." *Wittner v. Banner Health*, 720 F.3d 770, 781 (10th Cir. 2013) (quoting *Anglemyer v. Hamilton Cty. Hosp.*, 58 F.3d 533, 541 (10th Cir. 1995)). "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Thatcher Enters. v. Cache Cty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

Here, compelling reasons favor retaining jurisdiction over the state-law claims. As Softek points out, "Plaintiffs initiated this action in this Court over five years ago," "[t]he parties, their counsel, and the Court have spent countless hours digesting the complicated facts of this case," "the parties here have undertaken certain discovery efforts, and the Court has heard and decided numerous motions." Dkt. 153 at 24. Although this case is technically in its infancy, because no scheduling order has been entered, the parties and the Court have expended significant time familiarizing themselves with the facts and legal issues of the case. Once Mr. Follis's appeal is decided, the Court intends to enter a scheduling order to move this case along to resolution. Dismissal of the state-law claims at this stage would significantly delay that resolution. Accordingly, the unique circumstances of this case merit the

8

No. 19-cv-588

Court's exercise of supplemental jurisdiction and Plaintiffs motion to dismiss the state-law claims is denied.

### III

Mr. LittleAxe and LAIC ask for similar relief. First, they ask the Court to decline to exercise supplemental jurisdiction. Dkt. 156 at 4-6. Based on the Court's prior reasoning, *see supra* Section IIC, the request is denied. Second, Mr. LittleAxe and LAIC ask the Court to enter a stay pending any interlocutory appeals. Dkt. 156 at 6-8. All parties appear to agree that the case should be stayed pending resolution of Mr. Follis's interlocutory appeal. Dkt. 141 at 26-27; 158 at 2. Further, the Court has broad discretion to stay proceedings when appropriate. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Court has considered "(1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest"[3] and holds that a stay is appropriate pending resolution of Mr. Follis's interlocutory appeal.

### IV

For the reasons set forth above, Plaintiffs' request to enter final judgment under Rule 54(b) and stay the case pending their appeal or reconsider the Court's prior order is denied. The Court will exercise supplemental jurisdiction over the remaining state-law claims. Accordingly, Plaintiffs' motion [Dkt. 141] is denied. Mr. LittleAxe and LAIC's motion to dismiss the state-law claims [Dkt. 156] is denied as to their request to dismiss the state law claims. The Court will grant their motion for a stay pending resolution of Mr. Follis's interlocutory appeal.

---

[3] *Miracle v. Hush*, No. 23-4056-JAR-GEB, 2025 WL 1262467, at *4 (D. Kan. Apr. 30, 2025) (citations omitted).

No. 19-cv-588

DATED this 14th day of July 2025.

_____
JOHN D. RUSSELL
*United States District Judge*